UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL JOHN JAKUBOWSKI, JR.,          Case No. 2:23-cv-00123

    Plaintiff,                                    Hon. Jane M. Beckering
                                                     U.S. District Judge

v.

STATE OF MICHIGAN, et al.,

    Defendants
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Michael John Jakubowski filed this complaint alleging that his First Amendment rights were violated by Defendants the State of Michigan and Schoolcraft County. (ECF No. 1.) Jakubowski's complaint offers few factual allegations, but it appears that he was convicted in Schoolcraft County of Criminal Sexual Conduct (CSC) after a jury trial. Jakubowski asserts that his First Amendment freedom of speech rights were violated because he "was accused of C.S.C. over text messaging and never met any of the three rules named to be charged with this." (*Id.*, PageID.5.) Jakubowski says that one witness testified based solely on hearsay. (*Id.*)

Jakubowski says that even the judge was surprised by the jury verdict. (*Id.*) Jakubowski requests removal from the requirement of registering on the Offender List, all charges against him dismissed, reimbursement of all the money he has spent

at this point, and if possible – two million dollars as compensation. (*Id.*)

On July 12, 2023, the Court granted Jakubowski's application to proceed *in forma pauperis*. (ECF No. 4.)

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Although, not stated in his complaint, the Court will assume that Jakubowski brings his First Amendment claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Jakubowski alleges that Defendants violated his First Amendment rights because his CSC conviction was based upon text messages.

Jakubowski sues the State of Michigan and Schoolcraft County. The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Section 1983 did not expressly abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Jakubowski's lawsuit

against the State of Michigan for monetary damages must be dismissed under the Eleventh Amendment.

Similarly, Jakubowski's lawsuit against Schoolcraft County fails to state a claim for relief against the County. A municipality such as Schoolcraft County may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, 562 U.S. 29, 38-39 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. Jakubowski has failed to identify a policy or custom adopted by Schoolcraft County that violated his First Amendment rights.

Furthermore, to the extent that Jakubowski seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). Here,

Jakubowski has not alleged that his conviction was overturned. In fact, it appears that he is seeking to have his conviction overturned through the filing of this action.

Finally, to the extent that Jakubowski asks this Court to "reverse" the decisions of the Schoolcraft County Court, the Court lacks subject matter jurisdiction. The United States Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments.[1] *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Thus, "[t]he Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, this Court may not "reverse" the decisions of the state courts. Jakubowski has failed to show that this Court has jurisdiction in this matter and his complaint fails to state a claim upon which relief may be granted.

---

[1] Plaintiff must first appeal his criminal action through the Michigan appellate courts.

5

## IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint for a failure to state a claim. If the Court accepts this recommendation, the case will be dismissed.

Dated:  August 8, 2023                                  /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).